# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JOHN D. PUCHNER, <br><br> Plaintiff, <br><br> v. <br><br> MARYA L. PUCHNER and HONORABLE MAXWELL, <br><br> Defendants. | Case No. 21-CV-41-JPS <br><br><br> **ORDER** |

Plaintiff John D. Puchner, appearing pro se, filed a complaint, (Docket #1), a motion in which he requests the ability to electronically file with the Court and to waive the filing fee, (Docket #3), a motion for leave to proceed *in forma pauperis* (i.e., without prepayment of the filing fee), (Docket #4), and a motion for the recusal of the Court, (Docket #7).

As a preliminary matter, the Court addresses Plaintiff's motion for its recusal. Plaintiff appears to bring his motion pursuant to 28 U.S.C. § 144, which requires a judge's recusal if "a party . . . makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party . . . ." However, it is unlikely that Plaintiff may bring his motion for recusal pro se pursuant to § 144(a) because it requires that a motion made thereunder "be accompanied by a certificate of counsel of record stating that it is made in good faith." *See Peel v. United States*, No. 12-CV-275-WDS, 2012 WL 1623304, at *4 (S.D. Ill. May 9, 2012); *Robinson v. Gregory,* 929 F. Supp. 334, 337–38 (S.D. Ind. 1996).

Nevertheless, the Court will construe Plaintiff's motion for recusal as having been brought pursuant to 28 U.S.C. § 455. *See Cohee v. McDade*,

472 F. Supp. 2d 1082, 1083 (S.D. Ill. 2006). Under § 455(a), a federal judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned," whereas § 455(b)(1) provides that a judge shall disqualify himself if he "has a personal bias or prejudice concerning a party." "In determining whether a judge must disqualify himself under 28 U.S.C. § 455(b)(1), 'the question is whether a reasonable person would be convinced the judge was biased.'" *Hook v. McDade*, 89 F.3d 350, 355 (7th Cir. 1996) (quoting *Lac du Flambeau Indians v. Stop Treaty Abuse-Wis.*, 991 F.2d 1249, 1255 (7th Cir. 1993)). Recusal under § 455(b)(1) "is required only if actual bias or prejudice is 'proved by compelling evidence.'" *Id.* (quoting *United States v. Balistrieri*, 779 F.2d 1191, 1202 (7th Cir. 1985), *overruled on other grounds by Fowler v. Butts*, 829 F.3d 788 (7th Cir. 2016)).

The Court finds that Plaintiff's arguments do not merit recusal. First, Plaintiff avers that he had several cases before this Court, "some of which were habeas corpus petitions which involved, among other issues, the entire state court system violating [his] 14th amendment due process rights in not allowing motions to be heard." (Docket #7 at 1). He attempts to explain that this Court is biased because "the current court was right there with Waukesha County in losing and being found to have acted unconstitutionally." (*Id.* at 2). Undoubtedly, Plaintiff has filed a number of cases in the Eastern District, some of which were assigned to this Court. Although unclear, it appears that Plaintiff implies that the Court is biased against him either (1) based on Plaintiff's prior filings or (2) because this Court previously ruled adversely to Plaintiff. To be sure, a court's adverse rulings are not a ground for recusal and show no bias in and of themselves. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994).

Plaintiff also suggests that unspecified rulings of this Court concerning Plaintiff are at odds with the Honorable Judge Robert Warren's decision in *Puchner v. Kruzicki*, 918 F. Supp. 1271 (E.D. Wis. 1996).[1] According to Plaintiff, Judge Warren's decision in Plaintiff's favor incited bias in this Court against Plaintiff. Plaintiff's claim of bias on such grounds is both attenuated and unsubstantiated, so much so that a reasonable person would not be able to find bias by this Court against Plaintiff.

Plaintiff's next argument in support of the Court's recusal stems from the Court's attendance at Marquette University Law School from 1964 through 1967. According to Plaintiff, his grandfather "Honorable and Dean F.X. Swietlik ran the school, wrote letters of recommendation, and taught evidence." (Docket #7). Plaintiff avers that another judge once told Plaintiff that she hated Plaintiff's grandfather for teaching an evidence class at 8:00 a.m. (*Id.*) Plaintiff speculates that this Court *may* also have a similar bias against Plaintiff because his grandfather *may* have taught the Court at an early hour.

Such allegations of bias are ludicrous for several reasons, the first being that Plaintiff offers no proof that the Court had knowledge of or was taught by Plaintiff's grandfather. Secondly, just because one person may be biased does not automatically mean the same for another. Plaintiff has a habit of making arguments that defy both logic and common sense, *see infra*,

---

[1]Throughout his submissions, Plaintiff incorrectly cites to *Puchner v. Kruzicki* as being found at "918 F.2d 1318."(*See* Docket #1 at 1). In fact, 918 F.2d at 1318 is a pincite to a 1990 Seventh Circuit decision, *Occidental Fire & Cas. Co. of N.C. v. Continental Bank N.A.*

but this is beyond the pale.² Based on the foregoing, the Court will deny Plaintiff's motion for the Court's recusal.

Next, the Court briefly addresses Plaintiff's request to file his documents electronically, (Docket #3).³ Notably, Plaintiff does not offer any grounds in support of his request. Regardless, the Court must deny it, as the Court typically sends all docket activity to pro se litigants through the United States Postal Service. If Plaintiff prefers to access the docket electronically, he may consider using PACER.

The Court now turns to Plaintiff's request to proceed *in forma pauperis*. To allow a plaintiff to proceed *in forma pauperis*, the Court must first decide whether the plaintiff has the ability to pay the filing fee and, if not, whether the lawsuit states a claim for relief. 28 U.S.C. § 1915(a), (e)(2)(B).

First, the Court addresses the question of Plaintiff's indigence. Notably, Plaintiff need not show that he is totally destitute. *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980). However, the privilege of proceeding *in forma pauperis* "is reserved to the many truly impoverished litigants who, within the District Court's sound discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972).

According to Plaintiff, he is employed and earns approximately $2,000.00 per month, after taxes and child support. (Docket #4 at 1–2).

---

²Moreover, this Court appreciates tackling the tasks of the day as early as possible. If Plaintiff could establish that the Court took his grandfather's 8:00 a.m. course, this surely would not have curried the Court's disfavor. In fact, this Court would have preferred it.

³The Court will also deny as moot Plaintiff's motion to waive the filing fee, (Docket #3), as the Court later addresses and denies Plaintiff's motion to proceed *in forma pauperis*, (Docket #4).

Plaintiff is married but is getting divorced. (*Id.* at 1). He has nine children for whom he pays approximately $2,000.00 in child support per month. (*Id.* at 1–2). He pays $1,600.00 in rent and $400.00 for debt repayment per month. (*Id.* at 2–3). Plaintiff claims to owe $30,000.00 in credit card debt and has been in bankruptcy twice. (*Id.* at 2). He also avers that he has no assets other than his car. (*Id.*) Based on the foregoing, the Court is satisfied that Plaintiff is indigent and cannot prepay the filing fee at this time.

Notwithstanding the ability to prepay the filing fee, when a plaintiff seeks to proceed *in forma pauperis*, the Court must screen the complaint. The Court is required to liberally construe Plaintiff's complaint, as he is proceeding pro se. *See Marshall v. Knight,* 445 F.3d 965, 969 (7th Cir. 2006). When screening a complaint, the Court must dismiss the complaint, or any portion thereof, if the plaintiff has raised claims that: (1) are legally frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Hutchinson ex rel. Baker v. Spink*, 126 F.3d 895, 900 (7th Cir. 1997).

On January 8, 2021, Plaintiff filed an "Emergency Motion for Injunctive Relief," which was docketed as a complaint pursuant to 42 U.S.C. § 1983. (Docket #1). Therein, Plaintiff requests this Court to compel Judge Michael P. Maxwell[4] of the Waukesha County Circuit Court to "hear EVERY pending motion" and to "reopen all appeals that the clerk . . . never

---

[4]Plaintiff also named "Marya L. Puchner" as a defendant in this case. However, Plaintiff did not assert any claims against her.

sent [Plaintiff] orders for." (*Id.* at 1–2).[5] Plaintiff claims that Judge Maxwell has violated Plaintiff's Fourteenth Amendment rights and is in violation of the "historic/epic" decision *Puchner v. Kruzicki*. (*Id.* at 1). Plaintiff asserts that if this Court does not issue an injunction prior to January 13, 2021, Plaintiff "will suffer the irreparable harm of goin [sic] to another unjust, illegal, unconstitutional jail sentence." (*Id.*)

Plaintiff also submitted an addendum to his "complaint," to which he attaches Judge Maxwell's order, dated September 14, 2020. (Docket #6-1 at 1–6). Therein, Judge Maxwell addresses each of the 98 documents that Plaintiff filed between September 10, 2019 through August 26, 2020. (*Id.*) Judge Maxwell apparently reviewed each of Plaintiff's motions and determined how he would handle the same. (*See id.* at 2–5).[6]

Ultimately, Plaintiff seeks forms of relief that this Court is unable to grant. First, the Court suspects that Plaintiff's request for relief is moot because of (1) Judge Maxwell's consideration of Plaintiff's miscellaneous motions, (2) Plaintiff's request that this Court address his motion by January 13, 2021 (i.e., within five days of the Court's receipt of Plaintiff's motion), and (3) the fact that Judge Maxwell held a trial in Plaintiff's relevant state law case and subsequently denied Plaintiff's motion for a new trial.

---

[5]Plaintiff's claims pertain to his case before Judge Maxwell, *In re Marriage of Puchner*, 2019FA000089, (Waukesha Cnty. Cir. Ct.) *available at* https://wcca.wicourts.gov (last visited May 28, 2021).

[6]Although litigants may not amend their complaints by filing "addendums" to the same, *Verrier v. Murphy*, Case No. 19-cv-1812, 2020 WL 2542780, at *1 (E.D. Wis. May 19, 2020), the Court considers Judge Maxwell's order (Docket #6–1 at 1–6), as it illustrates that the state court is, in fact, handling Plaintiff's plethora of motions before it.

Secondly, "[a] request for a federal injunction to control pending state litigation encounters the Anti-Injunction Act, 28 U.S.C. § 2283." *Tibor v. Kane County, Ill.*, 485 F. App'x 840, 841 (7th Cir. 2012). The Anti-Injunction Act makes clear that "[a] court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. To be sure, "suits under [42 U.S.C.] § 1983 are not strictly governed by § 2283 . . . they may proceed only to the extent allowed by the principles of *Younger v. Harris*, 401 U.S. 37 (1971) and its successors." *Tibor*, 485 F. App'x at 841 (citing *Mitchum v. Foster*, 407 U.S. 225 (1972)). "Under *Younger*, federal courts refrain from exercising their jurisdiction when relief may interfere with certain state proceedings." *Schacter v. City of Chicago*, Case No. 18-cv-5504, 2019 WL 4750083, at *5 (N.D. Ill. Sept. 30, 2019). Such "abstention is appropriate" where "there is an ongoing state proceeding that is judicial in nature, involves important state interests, provides the plaintiff an adequate opportunity to raise the federal claims, and no exceptional circumstances exist." *Ewell v. Toney*, 853 F.3d 911, 916 (7th Cir. 2017). Such abstention honors "[p]rinciples of comity and federalism[, which] permit states to resolve for themselves all legal contentions, including those based on the Constitution." *Milchtein v. Chisholm*, 880 F.3d 895, 899 (7th Cir. 2018).

Assuming that Plaintiff actually had a legitimate § 1983 claim, which would have rendered the Anti-Injunction Act inapplicable, the Court would have been required to abstain from intervening in Plaintiff's state court action pursuant to *Younger v. Harris*. This Court's intervention would have undoubtedly interfered with Plaintiff's then-ongoing state court proceedings. Further, Plaintiff has offered no proof that he raised such

Fourteenth Amendment arguments before Judge Maxwell, nor that Judge Maxwell gave him an inadequate opportunity to do so.[7] The Court also does not find, based on Plaintiff's scattered and conclusory submissions, that any special circumstances exist. Based on the forgoing, the Court will deny Plaintiff's request to proceed *in forma pauperis* and will dismiss this action with prejudice.

Accordingly,

**IT IS ORDERED** that Plaintiff's motions to electronically file (Docket #3), to proceed *in forma pauperis* (Docket #4), and for the recusal of the Court (Docket #7) be and the same are hereby **DENIED**;

**IT IS FURTHER ORDERED** that Plaintiff's motion to waive the filing fee (Docket #3) be and the same is hereby **DENIED as moot**; and

**IT IS FURTHER ORDERED** that this action be and the same is hereby **DISMISSED with prejudice**.

The Clerk of the Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 28th day of May, 2021.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge

---

[7] Along with his addendum, Plaintiff also submitted documents that he believes show that he has "exhausted all state court remedies." (Docket #6). Specifically, he provides a copy of two orders from the Wisconsin Supreme Court: one, dated November 13, 2019, which denies Plaintiff's petition for review, and another, dated March 17, 2020, which denies Plaintiff's petition for a supervisory writ. (Docket #6-1 at 7–8). The applicability of those orders to this case is unclear; moreover, they do not change the outcome, as Plaintiff is ultimately requesting that this Court do something that it is likely statutorily, and certainly precedentially, prohibited from doing.